## STATE vs. THOMAS LIBBY.

### Kennebec. Opinion April 26, 1892.

*Indictment. Intoxicating Liquors, Pleading. Place.*

In an indictment charging the illegal transportation of intoxicating liquors from place to place, the places must be named and proved as named. The offense being local, place is an essential part of the description of the offense.

ON EXCEPTIONS.

This was an indictment found in the Superior Court, for Kennebec county, charging the defendant with the illegal transportation of intoxicating liquors, and upon trial he was found guilty.

The defendant requested the court to give certain instructions, found in the opinion, but which were refused. He, thereupon, filed exceptions.

*L. T. Carleton*, County Attorney, for the State.
*W. C. Philbrook*, for defendant.

PETERS, C. J. This indictment charges the illegal transportation of intoxicating liquors from the town of Fairfield in the county of Somerset to the city of Waterville in the county of Kennebec, and also from the depot of the Maine Central Railroad in Fairfield to the house of Edward Libby in Waterville.

At the trial, in the Superior Court for Kennebec county, the

counsel for the respondent requested that the following instruction be given to the jury : "An allegation in the indictment, designating from what place and to what place in the State the liquors were being transported, is an essential allegation. Being essential the allegation must be proved as laid. If the State has not proved this allegation then the case for the State is not made out, and it is your duty to bring in a verdict of not guilty." The judge declined to give the instruction requested, but on the contrary instructed the jury on this point as follows : "While it is necessary that the State should set out in the indictment the place from which and the place to which the liquors were to be carried, yet it is not absolutely necessary that the place should be proved as laid. The identical places do not themselves constitute what is known as the gravamen or the substance of the charge. Yet it is necessary that some place should be stated in the indictment. It is only necessary to prove that they were carried from place to place and were being carried in this county, in order to sustain the indictment, so far as that is concerned. It is necessary, for instance, that the indictment should contain a specific date, but the government is never held to prove the precise time of the offense as alleged in the indictment. Now, then, the essence of the charge in this case is that Thomas Libby transported from place to place in this State intoxicating liquors to aid in their sale."

This was error. The learned judge evidently had in mind the question of venue merely, not remembering for the moment that the allegation of place is a part of the description of the offense, and that the indictment charges a local offense.

Mr. Wharton, in his work on criminal evidence, basing his statement on numerous pertinent cases cited in his notes, states the effect of the decisions in the following terms : " Where the place is stated as matter of local description and not as venue, it becomes necessary to prove it as laid. Thus, for instance, on an indictment for stealing in the dwelling-house, &c., for burglary, for forcible entry, or the like, if there be a material variance between the indictment and the evidence in the name

of the parish or place where the house is situate, or in any other description given of it, the defendant must be acquitted. In an indictment, also, for not repairing a highway, the situation of the highway is material. In an action also for a nuisance in erecting a weir, if it be described in the declaration to be at H., and it proved to be at a lower part of the same water called T., the error is material; and this rule is generally applicable to indictments for nuisances." Whar. Cr. Ev. 8th ed. 109.

Where the offense is in its nature local, and the place is stated by way of local description, and not as venue merely, the slightest variance between the description in the indictment and the evidence will be fatal. Archb. Cr. Pr. & Pl. Vol. 1, p. 85, note. In an indictment for arson, where the tenement was averred to be in the sixth ward of New York city, when it was in the fifth, the indictment was held bad. *People* v. *Slater*, 5 Hill (N. Y.), 401. The place where a crime is alleged to have been committed, when a matter of essential description, must be particularly and truly stated and proved as stated. *State* v. *Cotton*, 24 N. H. 143. There is a general concurrence in the books and among the cases on this point.

*State* v. *Lashus*, 79 Maine, 541, really settles the present case. It was adjudged in that case that an indictment for the illegal transportation of liquors should describe the places between which the transportation took place. But there can be no necessity of such an averment unless the averment is to be proved. The offense charged in both that case and this is nuisance or of the nature of nuisance. All the offenses arising from the illegal possession of liquors are local. *State* v. *Roach*, 74 Maine, 562; *State* v. *Kelleher*, 81 Maine, 346. Locality is an inseparable part of the offense. The offense cannot be described without averring locality. Under the ruling at the trial evidence would have been admissible to prove that the transportation was between any places within the county of Kennebec.

Even if descriptive facts are laid with more particularity than need be, still as a general rule they must be proved as laid.

They become essential facts because they are alleged. They differ from unessential and superfluous details which enlarge rather than limit the scope of the principal allegation. "All allegation," says Professor Greenleaf, "which narrows and limits that which is essential is necessarily descriptive; and all matters of description are matters of substance when they go to the identity of anything material to the offense intended to be alleged." 1 Greenl. Ev. § 58. In the New York case cited, there was no necessity of averring that the crime was committed in any particular ward of New York city, but the proof had to be confined to its commission in the sixth ward because the indictment in effect averred that it was not committed in any other ward. The indictment excluded all localities other than the one particularly named. So, in *State* v. *Lang*, 63 Maine, 215, it was held that the building where a liquor nuisance was maintained need not be described any more definitely than to name the town and county where situated. But the case of *State* v. *Lashus*, 67 Maine, 564, decides that if an indictment be particular enough to allege the nuisance to be kept upon one street in a town, evidence is not admissible to prove its existence upon another street in the same town. And transportation between two particular places cannot possibly be transportation between other and different places.

The government, having positively asserted in its indictment against the respondent that the carriage of liquors was between Fairfield and Libby's house in Waterville, and thereby in effect just as positively asserting that it was not upon any other route or direction, must be confined to the proof of the transportation as alleged. Had the averment of localities been too general, a specification might have been called for, and, if furnished, would have been binding. No less binding is the specification when incorporated in the indictment itself, and in such form tendered as a notice to the party prosecuted. The report of the evidence and of the judge's charge shows that the question raised in behalf of the respondent was relevant to the case.

Other questions have been argued by counsel for the defense, but as they will be examined in the case of another respondent

in this indictment, the co-respondents having been tried separately, we omit any consideration of such questions here.

                                    *Exceptions sustained.*

WALTON, VIRGIN, LIBBEY, HASKELL and WHITEHOUSE, JJ.,
concurred.