Chief Justice Robertson
delivered the Opinion of a majority of the Court
Judge Underwood dissenting.
Cox sued Vance for slander, and laid his damages at ten thousand dollars. Judgment having been rendered against him, in bar of his action and for costs, he appealed to this court.
A motion is now made to dismiss the appeal, on the ground that the amount of the judgment is insufficient to authorize an appeal, according to the provisions of the thirteenth section of the act of 1796, “ establishing the court of appeals,” and which is in these words “No appeal shall be granted from the judgment or decree of an inferior court to the court of appeals, unless such judgment or decree be final, and amounts, exclusive of costs, to thirty pounds, or relate to a franchise or freehold.” 1 Dig. 381.
There is no judgment against Cox, for which an execution coukl be issued for more than the costs ; but, as he sued for ten thousand dollars, the judgment in bar of his actios may be deemed, in effect, a judgment against *153 iilm to the full extent of his claim to damages, or his canse of action — the value of which can only be estimated (now) by the amount charged in the writ and declaration ; and we are inclined to think that this is the proper construction of the. thirteenth section, (supra.)
The eighth section of an act of 1797, concerning justices of the peace, declared, that “ all judgments given by any (such) justice or justices, .when the amount thereof shall not exceed twenty five shillings shall be final ;” and that provision has been practically construed so as to allow an appeal to a party whose claim amounted to or exceeded twenty five shillings. This fact is entitled to some consideration in thp interpretation of the almost simultaneous enactment for regulating appeals to this court, and which is couched in language similar in effect and in the letter to that just quoted from the act of 1797.
The amount in controversy determines the right to appeal to.the supreme court of the United States ; and it is “ the matter in controversy” that determines the jurisdiction of the circuit courts of this state over appeals from judgments of justices of the peace. There can be no reason for making “the amount in controversy” or the value of “ the matter in controversy,” the test of a right to appeal, unless a judgment against a party, claiming a certain amount, should be deemed a judgment (to his prejudice) to the extent of his demand, or (which is virtually the same thing,) unless, as to him, or so far as he may be aggrieved, the amount claimed by him, or the amount in controversy, should be deemed to be the “amount” of the judgment against him, or to his prejudice.
The “ amount in controversy” — “ the matter in controversy” — and the “ amount” of a judgment against a plaintiff, should, we are inclined to think, be understood as meaning, in substance and effect, the same thing.
But whatever might have been the intention of the legislature in enacting the thirteenth section of the act of 1797, or whatever may be the true interpretation of that enactment, as no principle is involved, and as this *154 court has jurisdiction over all final judgments and de - crees of the circuit courts, and it cannot be very mate - rial whéthcr a case be brought here by writ of error or by appeal, the question we are now considering should be concluded by the established practice of this' court.
The practice of this court, as we may infer from perhaps every volume of the reports of its decisions, has been to allow appeals from judgments or decrees whenever the amount in controversy was equal to one hundred dollars. And in the case of The Commonwealth, for the use of Kennet vs. Fugate, 1 Mon. 1, the point seems to have been directly, though incidentally, decided* The suit was on a sheriff’s bond; judgment was rendered in bar of the action, and for costs, against the relator ; and this court, in considering whether an appeal could be maintained in the name of Kennet, said that it could not unless -the suit had been for his benefit, because — “upon the supposition that the suit was brought for the benefit of the commonwealth, there would be no judgment against Kennet, except for costs, from which an appeal to this court will not lie ;” thus clearly saying, by inevitable implication, that, as the suit was for the benefit of Kennet, the judgment in bar of the action was a judgment for more than the costs, or, in other words, should,be deemed to be a judgment against him for or to the extent of the amount in controversy, or of the damages which he claimed, and which he would be forever barred from claiming again, unless the judgment should be reversed.
Wherefore, it is the opinion of this court, (Judge Underwood dissenting,) that the appeal in this case should not be dismissed upon motion; and, therefore, the motion to dismiss is overruled.