Jüdg-e ITise
delivered the opinion of the Court.
The plaintiff’ in error sued* the defendant before a justice of the peace, for sixteen dollars due by account, and recovered a judgment for one dollar-and ten cents, with interest. Not- being satisfied with this judgment, he appealed to the County Court,-where his appeal was ordered to be dismissed,- and he has appealed to this Court.
Although appeal's or writs of error cannot be prosecuted to this Court, from judgment's of the County Courts affirming or reversing the judgments rendered by justices of the peace, (1 Stat. Law, 133,) yet, from an order or judgment of sucli Court, not affirming or reversing the magistrate’s judgment, but dismissing an *422 appeal therefrom, an appeal will lie to this Court. An order to dismiss an appeal, neither reverses or affirms the judgment of the justice, but refuses to do cither, and is therefore not embraced by the terms of the statute above referred to. The law lias been so ruled by this Court, in the cases of Evans vs Sanders, (10 B. Monroe, 292,) and Waggoner vs Highbaugh, (ib. 196;) therefore the appeal to this Court, in this and like cases, will be entertained. Then did the County Court err in dismissing the plaintiff’s appeal, and in refusing to take jurisdiction of his case? The ground taken by defendant in error is, that inasmuch as the judgment of the justice was in favor of the plaintiff, although fora much smaller amount than demanded by the warrant; or in other words, as the judgment was not against the plaintiff, and not in favor of the defendant, the plaintiff has no right to appeal to the County Court, or to any other Court, by virtue of any statute in force in the State. So that in this view, if there be a judgment rendered by a justice, in favor of the plaintiff, for any sum however inconsiderable, and though he may be thereby unjustly refused nearly the whole amount of his demands against the defendant, yet he could not appeal to the County Court, though the sum demanded be under five pounds.
A plaintiff on a warrant before a justice, demanding more lhan 25 shillings and le.<s than five pounds, ói obtaining judgment for less than that sum claimed, may appeal to the County Court; (2 Slat. Law,889,) MUls vs Couchman, (4 J. J. Mar 242;) Vance vs Cox, (2 Dana, 152.)
Such consequence, however, cannot result from the acts of 1796 and of 1S00, (2 Stat. Law, 887-889,) when taken in connexion, and reasonably and properly construed, so as to give effect to the intention of the Legislature. The act of 1796 deprives the defendant only of the right to appeal to the County Court, where the sum recovered does not exceed twenty-five shillings; if it exceeded that sum, the defendant could appeal. The act of 1800 provides, that if the judgment of a justice is given against the plaintiff, he shall have a right, to an appeal also, provided the sum demanded by him is of the value of twenty-five shillings, (2 Stat. Luw, 889.) The obvious meaning of which is, that if his demand is disallowed by the sum of twenty-five shillings or more, *423 he may appeal to the County Court, (if the whole sum demanded by him does not exceed five pounds,) although he may have a judgment for a small fraction of his demand, such judgment is in substance and virtually against the plaintiff for the amount demanded by him over and above the sum adjudged to him, and to that extent is within the meaning of the statute a judgment against the plaintiff; and if the sum thus disallowed the plaintiff in the judgment of the magistrate, exceeds the sum of twenty-five shillings, and the whole sum demanded does not exceed five pounds, he has a right to appeal to the County Court, and that Court is bound to hear and determine the same upon the merits of the case.
Harlan for plaintiff; W. 77. Rile?/ for defendant.
This construction of the acts referred to is sustained substantially by the former opinions of this Court, pronounced in the cases of Mills vs Couchman, (4 J. J. Marshall, 242,) and of Vance vs Cox, (2 Dana, 152.) The principle decided in these cases is, that where appeals and writs of error are allowed as dependent upon the amount in contest, that then the sum demanded, and not the amount for which judgment has been rendered, determines the question as to whether an appeal or writ of error may be prosecuted, and in what Court it may be done. In this case, then, if by the judgment of the juslice the plaintiff has lost twenty-five shillings or more of his demand, though that judgment gave him a small fraction thereof, yet, as the amount demanded, and not the sum recovered., determines the right of appeal; and as appeals lie to the County Court, where the amount in contest does not exceed five pounds and does exceed twenty-five shillings, therefore the appeal in the case in question was well taken to the County Court.
Wherefore, the judgment of the County Court, dismissing the appeal, is reversed, and the cause remanded, with direction to that Court to hear the appeal, give the parties a trial of the case upon its merits, and for further proceedings.