JOHN LONG

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Springfield March 28, 1882.*

1. CRIMINAL LAW—*motion to quash—waiver.* A pending motion to quash an indictment is waived by pleading to the merits.

2. SAME—*practice—entering plea after trial.* Under section 423 of the Criminal Code, the clerk is required to enter the arraignment and plea of a defendant upon the minutes of the proceedings, and if he neglects to do so, it may and shall be done, at *any time,* by order of the court, which shall cure the error or defect. This entry may be ordered even after the trial, *nunc pro tunc.*

3. HABITATION—*right to eject intruder.* Where a person requests another to leave his house, and the latter refuses to go, the former has the right to use such force as is necessary to remove him, and no more.

4. ERROR—*when instruction not acted on by the jury.* The giving of an instruction, on the trial of one for an assault with intent to murder, that the jury might convict of an assault with intent to commit manslaughter, if warranted by the evidence, can not be assigned for error, when the jury find the defendant guilty of the crime as charged in the indictment.

5. PRACTICE—*time to object—limiting argument of counsel.* The limiting of counsel in their argument to the jury, in a criminal case, can not be urged as error by the defendant, where no objection was made thereto at the time, and no further time was asked. The objection comes too late when made for the first time in the reasons for a new trial.

WRIT OF ERROR to the Circuit Court of McLean county; the Hon. OWEN T. REEVES, Judge, presiding.

Messrs. TIPTON & RYAN, for the plaintiff in error:

The case was tried without a plea, and while a motion was pending to quash the indictment. This fact was not discovered until after sentence. After sentence, and without notice to Long or his counsel, the court, without evidence and without a hearing, ordered the entry of a plea *nunc pro tunc*. The record must show that a plea of not guilty was entered, as without there is no issue to try. *Johnson* v. *People*, 22 Ill. 314; *Aylesworth* v. *People*, 65 id. 301; *Yundt* v. *People*, 2 Gilm. 540; *Phillips* v. *People*, 88 Ill. 160.

One in the lawful possession of premises has a right to eject an intruder therein, using no more force than is necessary. *Phillips et al.* v. *City of Springfield*, 39 Ill. 83; *Wyatt* v. *Wood*, 4 Johns. 157; *Woodman* v. *Howell*, 45 Ill. 367; *Abt* v. *Burgheim*, 80 id. 92.

But this doctrine has no application to this case, for the reason that Long was rightfully at Miller's house. Hence the eleventh instruction for the People, giving the jury to understand that Long was an intruder, and the assault on him with the razor justifiable, was erroneous.

Under an indictment for an assault with intent to commit murder, no conviction can be had of an assault with intent to commit manslaughter. An assault with *intent* to commit manslaughter is impossible. There can be no *intent* to commit manslaughter, in which there is no deliberation.

Such instructions only should be given as are based upon legitimate evidence, and if an irrelevant one be given, containing a correct abstract proposition of law, which is calculated to mislead, it will be error. *Coughlin* v. *People*, 18 Ill. 267; *Humphrey* v. *Collier*, 1 Scam. 47; *Hill* v. *Ward*, 2 Gilm. 285; *Denman* v. *Bloomer*, 11 Ill. 177; *McKinley* v. *Watkins*,

13 id. 140; *Baxter* v. *People,* 3 Gilm. 368; *Miller* v. *People,* 39 Ill. 458.

The time for the argument of the case was limited to twenty minutes on a side. This was too short, and was error. *White* v. *People,* 90 Ill. 111.

Mr. JAMES MCCARTNEY, Attorney General, for the People:

Entering the plea of not guilty *nunc pro tunc,* was justified by the statute. Rev. Stat. ch. 38, sec. 423.

It is clearly inferable, from *Hopkinson* v. *People,* 18 Ill. 264, that a person may be convicted of an assault with intent to commit manslaughter. See, also, *State* v. *Williams,* 5 Baxter, (Tenn.) 655; *Wilson* v. *State,* 4 Tex. App. 637.

The following are some of the cases directly in point, holding that under an indictment for an assault to murder, the defendant may be convicted of an assault to kill, or to commit manslaughter: *Jarrell* v. *State,* 58 Ind. 293; *State* v. *White,* 45 Iowa, 325; *State* v. *Butman,* 42 N. H. 490; *State* v. *Waters,* 39 Me. 54; *State* v. *Phinney,* 42 id. 384; *State* v. *Nichols,* 8 Conn. 496; *Scott* v. *Commonwealth,* 6 S. & R. 224; *Slave Nancy* v. *State,* 6 Ala. 483; *State* v. *Reed,* 40 Vt. 603.

But in this case the instruction on this subject was valueless, as the jury did not find the defendant guilty of an assault with intent to commit manslaughter.

Mr. ROBERT B. PORTER, State's Attorney, and Mr. JOHN T. LILLARD, also for the People:

The entry of the order showing a plea before trial, cured the defect in the record. Crim. Code, sec. 423; *Johnson et al.* v. *People,* 22 Ill. 317; *May* v. *People,* 92 id. 346.

The motion to quash the indictment was waived by the plea of not guilty. *McKinney* v. *People,* 2 Gilm. 555; *Bulliner* v. *People,* 95 Ill. 395; *Perteet* v. *People,* 70 id. 171.

If one enters with authority the house of another, he becomes a trespasser and intruder when, on request, he refuses to leave. *Woodman* v. *Howell*, 45 Ill. 367.

A man's house is his castle, and he may eject a trespasser therefrom, using reasonably necessary force therefor. He may defend his dwelling house even to the taking of life, if necessary. *Davison* v. *People*, 90 Ill. 229; *Woodman* v. *Howell, supra*.

It is claimed there is no such crime as an "assault with intent to commit manslaughter." The crime of manslaughter includes an intent. The statute says, "it must be voluntary." If an act of volition, it is an act of intent.

The law presumes an intent in every criminal act. Crim. Code, sec. 281; *York* v. *Com.* 9 Metc. 103; *People* v. *Herrick*, 13 Wend. 87; 1 Wharton on Crim. Ev. sec. 724.

Mr. Justice Walker delivered the opinion of the Court:

Plaintiff in error, together with Sophia Miller, were indicted in the McLean circuit court for an assault with intent to murder Fred Miller. A trial was had, and the jury found plaintiff in error guilty, as charged in the indictment, and Mrs. Miller guilty of an assault. Plaintiff in error brings the record to this court, and urges a reversal on various grounds, some plausible and others frivolous.

It is admitted that plaintiff in error shot Miller, but it is claimed that it was in self-defence. After a careful examination of the evidence, we fail to see a single element of self-defence. Even according to the testimony of plaintiff in error it does not appear. If we were to look alone to his evidence, as his counsel have argued the case, self-defence is wanting. He says that Miller had a razor, and said he would kill him, and he went into another room and got his gun, returned to and stood in the door, and shot first on the floor, to frighten Miller, and as he approached, plaintiff in error shot him. He does not state that Miller used, or attempted

to use, the razor.   He went to another room, and Miller did
not follow him,—made no demonstration of any kind,—and
yet, instead of closing the door to keep Miller out, had he
attempted to pursue him to the room, he returned to and
stood in the door, and shot, as he says, to frighten Miller.
Could any person, under the·circumstances, have believed he
was in danger of losing his life, or of great bodily injury?
No one, surely, could for a moment have believed he was
justified in resorting to extreme measures to preserve his
life, or to prevent great bodily harm.   His own acts, as he
details them, repel the belief that he so believed.

Again, in recounting the circumstances of the affair to two
disinterested witnesses, a few days afterwards, plaintiff in
error made no mention of Miller having a razor.   This, so
soon after the occurrence, and so important a fact in the
case, he would surely have spoken of if it had been true.
It must have been an afterthought, to strengthen his defence.
It is true that Miller's daughter testified her father had a
razor, but the jury, most probably, did not believe her.   But
even if they did as to that fact, she failed to state facts that
justified plaintiff in shooting.

Again, from the evidence it appears that Miller was shot
in the left arm and in the right side.   Miller testified he was
twice shot, and one of the physicians who saw the wounds
says, from their location both wounds could not have been
made by the same shot.   The jury were therefore. fully war-
ranted in believing plaintiff in error had sworn falsely when
he said the first shot was at the floor, and as that was a
material fact, if the jury believed he had sworn falsely as to
that, they were warranted in rejecting his whole testimony,
unless corroborated by other credible evidence.   All of the
evidence considered, we think it not only warranted, but
required, the verdict of the jury.

We shall now consider the technical objections urged for a
reversal.   It is first urged, that the case was tried without

a plea, and while a motion to quash was pending.   As to the motion to quash, it is not a rash presumption that all persons in the profession know that such a motion is waived by pleading to ·suit or action.

But it is said that the case was tried without a plea.   On turning to the record, we find the court found that the plaintiff in error, on the 13th day of October, 1881, did appear in open court and enter his plea of not guilty, and the clerk was ordered to enter the plea *nunc pro tunc*, and when this order was entered, the record finds plaintiff in error was present in court.

But it is urged that this finding and order were made after the trial.   If counsel had turned to the 423d section of our Criminal Code, we presume this objection would not have been urged on the attention of the court.   It provides that the arraignment and plea shall be entered by the clerk on the minutes of the proceedings, "and if the clerk neglects to insert in the minutes the said arraignment and plea, it may and shall be done at ·any time, by order of the court, and then the error or defect shall be cured."   This, beyond all cavil, cures or removes this extremely technical objection.

It is said that plaintiff in error had a right to dispute the fact that he had entered a plea.   He was present, as the record finds, when the order was made, and why did he not dispute the fact?   This is frivolous.

It is urged that the court erred in instructing the jury that if· Miller requested plaintiff in error to leave his house, and he refused to go, he had the right to use such, and no more, force than was necessary to remove him.   This has been the settled and undisputed law for centuries, if not from the first organization of society, in its crudest state.   There was evidence on which to base it, and it was not error to give it to the jury.

It is urged that the court erred in instructing the jury that, if the facts warranted it, they might find defendants

guilty of an assault with intent to commit manslaughter,— that under an indictment for an assault with intent to commit murder, the law will not sanction a conviction of an assault with intent to commit manslaughter. Even if this could be conceded to be true, the jury did not convict plaintiff in error of an assault with intent to commit manslaughter. They found him guilty of the crime charged in the indictment. We are unable to comprehend how it was possible to have prejudiced plaintiff in error. But it is said it may have misled the jury. We fail to comprehend how it could, and counsel have not pointed out how it did; and the finding of the jury shows that it did not, as they did not find a verdict as it informed them they could, if warranted by the evidence. The instructions are based on the evidence. If all of the People's evidence were left out of view, there would, perhaps, be ground for the objection. Nor do we see that they were calculated to mislead.

It is also claimed that the court erred in limiting the time for arguing the case to the jury. It is a sufficient answer to say, counsel did not object, or ask more time. No objection was made till reasons for a new trial were filed. It appears that one of the counsel for plaintiff in error, before the argument commenced, said he did not desire to argue the case. Under such circumstances it would not be fair to the circuit court to hold this to be error, nor would it promote justice, but would be to protect crime, by unfair methods.

An inspection of this record fails to disclose any error, but on the contrary, it shows that plaintiff in error has had a fair trial, and has been properly convicted. The judgment of the court below is therefore affirmed.

*Judgment affirmed.*