## ALANSON LABAR v LEWIS CRANE ET AL.

*Malicious prosecution—Probable cause.*

Where an accusation of felony is withdrawn and respondent is convicted of a misdemeanor included in it, but is acquitted on appeal, the conviction is not such evidence of probable cause as will defeat an action for malicious prosecution based on the charge of felony.

Error to Kalamazoo. Submitted Nov. 1. Decided Jan. 5.

---

CASE.   Plaintiff brings error.   Reversed.

*Geo. M. Buck* and *T. R. Sherwood* for appellant.   A verdict is not conclusive, but only *prima facie* evidence of probable cause:   *Goodrich v. Warner* 21 Conn. 432; *Bowman v. Brown* 52 Ia. 437; *Burt v. Place* 4 Wend. 591; *Gelen v. Hall* 2 H. & N. 379; and its effect may be destroyed by proof of fraud, conspiracy, perjury or subornation; 1 Hill. on Torts (3d ed.) 457; *Burt v. Place* 4 Wend. 591; *Witham v. Gowen* 14 Me. 362; *Payson v. Caswell* 22 Me. 212; *Cloon v. Gerry* 13 Gray 201; *Palmer v. Avery* 41 Barb. 290; *Dennehey v. Woodsum* 100 Mass. 195.

*Howard & Roos* and *O. W. Powers* for appellees.   Conviction is evidence of probable cause even though defendant was acquitted on appeal:   Cooley on Torts 185; *Whitney v. Peckham* 15 Mass. 243; *Parker v. Huntington* 7 Gray 37.

COOLEY, J.   This is an action for malicious prosecution. The salient facts are that in October, 1879, the defendant Crane instituted a prosecution of the plaintiff before a justice of the peace of Kalamazoo, charging him with making an assault upon complainant with a gun, with intent to murder; that plaintiff was arrested upon this charge, but after a continuance of the case for a time, the complaint was withdrawn and one for simple assault and battery substituted, upon which plaintiff was tried and convicted; that plaintiff appealed the case to the circuit court, where he was tried and acquitted; that Crane and the other defendants were witnesses against the plaintiff in the justice's court, and also in the circuit court, and that the case in the circuit court was disposed of without the introduction of evidence by the defense.   The plaintiff then instituted this suit.   In the declaration it is alleged that the defendants maliciously and without probable cause conspired together to prosecute him for the alleged offense, well knowing his innocence.

On the trial it was proved on the part of the defense that the warrant was issued by the justice of the peace on the

written order of the prosecuting attorney. This evidence was put in for the purpose of showing that Crane and the other defendants occupied in the case the position of witnesses merely, and that the prosecuting attorney must be deemed the real complainant. But we think the evidence was deprived of much if not all of its force by the further showing that the written order was given merely to comply with a rule of the board of supervisors which was intended to prevent the unfounded institution of prosecutions at the expense of the public. It does not appear that the prosecuting attorney was in any proper sense the instigator of the proceedings, or that he took any greater responsibility in the case than is customary when he appears for the purpose of taking charge of a case which a private citizen has instituted.

The principal question in the case, and the only one we find it necessary to decide, is whether the conviction of the plaintiff in the justice's court is conclusive evidence of probable cause. The defendants strongly insist that it is, and the circuit judge concurred in that view.

It will be observed that there were two prosecutions : one for assault with intent to murder, which was voluntarily discontinued, and the other for a simple assault, in which the plaintiff was first convicted and then on appeal acquitted. The plaintiff in different counts of his declaration complains of each prosecution as malicious and groundless, and the first, by the admission of the complainant in abandoning it, must be deemed groundless unless the institution of the second, and the result of the trial in the justice's court, can by retroactive effect give evidence of probable cause.

If the second prosecution was in legal effect identical with the first, and only instituted because of some technical defect or other imperfection or failure in the first, the argument of the defendants would be plausible and perhaps conclusive. But the two prosecutions were far from being identical in legal effect. The first was for one of the highest offenses known to the law ; a felony which, in the discretion of the court, may be punished with imprisonment

for life. It is therefore ranked in criminality with murder itself. The second was for a misdemeanor, which a court only empowered to try trivial offenses and inflict insignificant punishments was competent to deal with. The first, when instituted on probable cause, exposes the respondent to great peril and corresponding loss in standing and reputation; it may call for heavy and perhaps impossible bail, and in every respect the consequences to the party accused are as different from the other as it is possible for two cases, both criminal in form, to have. No court has held that there was probable cause to believe the felony was committed, and as has been said, the complainant abandoned all attempt to prove it.

It is perfectly true that if the felony had been committed the misdemeanor would have been included in it; but the particular misdemeanor of which the justice found the plaintiff guilty could not have been included in a felony if no felony was committed. In point of fact when the charge of misdemeanor was tried there was no accusation of felony whatever; and it would be monstrous to hold that because an assault might have been committed in an attempt to murder, therefore the conviction of this particular assault is evidence of probable cause to charge such an attempt. To hold this would be to justify the making of a charge of the felony in every case of assault, no matter how trivial, and might excuse the most groundless and atrocious prosecutions.

We think the court erred in its judgment, and the case must go to a new trial. The plaintiff will recover the costs of this Court.

The other Justices concurred.