Decided 11 June, 1900.

## TURNER *v.* LOCY.

[61 Pac. 842.]

MINING CLAIM—NUISANCE BY BACKING WATER.

1. A dam across a nonnavigable stream, whereby debris from the mines of an upper proprietor is arrested, does not constitute a private nuisance, entitling the upper proprietor to abate it, unless the dam backs the water on the upper proprietor's premises, causing him such injury that he can maintain an action therefor.

RIGHT OF INJURED PARTY TO ABATE NUISANCE.

2. While it is a general rule that a person may, after notice, abate a private nuisance, exercising due care, whenever he might maintain an action for the injury caused thereby, yet he cannot so abate the nuisance unless he will suffer some damage—even though nominal only—from its continuance.

From Malheur : MORTON D. CLIFFORD, Judge.

Action by John Turner against J. D. Locy and others
to recover damages for injuries to plaintiff's reservoirs.
The facts are that plaintiff is the owner of a placer mining
claim in Harney County, Oregon, through which Mormon
Basin Creek, a nonnavigable stream, flows in a well-de-
fined channel; that he built two dams in said creek, and
dug a ditch therefrom whereby he diverted water to his
mines. The defendant, Jed A. Blair, is the owner of a
prior right of appropriation of the waters of said stream,
which he diverts and uses in operating placer mines above
plaintiff's, returning the water with the tailings to the
creek. He placed dams in the creek to catch the sedi-
ment from his mines, and by opening gates therein, the
debris is carried down stream and emptied into Willow
Creek, into which Mormon Basin Creek flows; and, claim-
ing the right to continue flushing the latter creek, and
deeming plaintiff's dams a private nuisance and an ob-
struction to such right, he removed them, thereby de-
stroying the reservoirs, whereupon this action was insti-
tuted, resulting in a judgment for plaintiff in the sum of
$300 against Blair, who appeals.          AFFIRMED.

For appellant there was a brief over the name of *Olm-
stead & Miller*, with an oral argument by *Mr. Martin L.
Olmstead*.

For respondent there was a brief and an oral argument
by *Mr. John L. Rand*.

MR. JUSTICE MOORE, after stating the facts, delivered
the opinion of the court.

1. The defendant and his witnesses were not per-
mitted to testify concerning the length of time which he
and his predecessors had used the waters of Mormon
Basin Creek to carry off the tailings from his mine, or

that flushing the creek in the manner adopted by him was the only means whereby such tailings could be removed ; and, an exception having been taken by his counsel to the rejection of such testimony, it is insisted that the court erred in this respect.  Assuming, without deciding, that an adverse user of the waters of a nonnavigable stream could be acquired by depositing in the bed thereof soil, gravel and stones, which could be carried off by suddenly precipitating into the channel of the stream a great quantity of water accumulated for that purpose, such right is not violated by a lower riparian proprietor who erects a dam in the stream whereby the debris is arrested, unless by retarding the flow of water he causes the disintegrated material to lodge upon the premises of the prior appropriator, or backs the water up, in consequence of which he sustains an injury.  If the tailings put into Mormon Basin Creek by defendant were not lodged upon his mining claim by the plaintiff's dams, it is immaterial how long he or his predecessors in interest had been using the waters of said stream for the purpose of carrying them off, or that such creek was the only means whereby he could get rid of them.  There was no evidence introduced tending to show that defendant had been injured in any manner by the construction of plaintiff's dams.  In order to justify him, as a prior appropriator, in destroying these dams as a private nuisance, his premises must have been flooded by the backwater, or injured in some other way, in consequence of the obstruction to the flow of the stream :  Cooley, Torts, 46 ;  1 Wood, Nuis. § 5 ;  Angell, Water Courses § 332 ;  *Gates* v. *Blincoe*, 2 Dana, 153 (26 Am. Dec. 440);  *Stiles* v. *Laird*, 5 Cal. 120 (63 Am. Dec. 110).  The defendant not appearing to have sustained any injury in this respect, no error was committed in rejecting the testimony so offered by him.

2.   The court refused to give at defendant's request the following instructions : " The right to mine the placer ground of the United States or of private persons, by the use of water appropriated for that purpose from nonnavigable streams, carries with it the right to wash the tailings and mining debris into the natural channels of such streams whenever the channels of the streams become necessary for that purpose.   Therefore, if you find from the evidence that it was necessary for the defendant Blair to use the channel of Mormon Basin Creek for the carrying away of tailings at the time complained of in the complaint, then the plaintiff had no right to put dams or obstructions in the channel of the creek which would prevent the defendant from washing away and carrying off mining tailings at such times as he required the use of the said channel for that purpose.   The use of the waters appropriated from a stream for mining purposes is not only for washing out gold, but also for carrying away and removing the earth and gravel, the result of such washings.   And the miner prior in right in the use of such water has a prior right to the use of the channels of a stream for the carrying away of the tailings by the use of such water in the channels of nonnavigable streams when necessary.   Therefore, if you find from the evidence that defendant was using the waters of the stream through the channel of the said stream for carrying away tailings from his ground, or which were accumulated upon his grounds for mining purposes, then the plaintiff had no right to obstruct the channel of the stream in any manner whatever which would hinder the defendant Blair, or delay or prevent the free and unobstructed flow of the waters so used in the carrying away of such tailings.'' An exception having been taken to the refusal to give the instructions requested, it is maintained that the court

37 OR.—11.

erred in this respect. The rule is well settled that a party may abate a private nuisance upon his own motion, after notice, when necessary, provided he does so without disturbing the peace, does as little injury as possible, and removes so much of the thing only as causes the nuisance, whenever he can maintain an action for the injury caused thereby, though the damages resulting therefrom be nominal only : Angell, Water Courses, § 389 ; *Brown* v. *Perkins*, 12 Gray, 89 ; *Amoskeag Manf. Co.* v. *Goodale*, 46 N. H. 53. To make out a case of special injury to property from a nuisance, something materially affecting its capacity for ordinary use and enjoyment must be shown : *Sparhawk* v. *Union Passenger Ry. Co.* 54 Pa. St. 401. Thus, where a party erected a dam so as to flow backwater upon the land of another, it was held that injury would be presumed, and no special damage need be shown : *Woodman* v. *Tufts*, 9 N. H. 88. So, too, an infringement of a right which, if continued, would ripen into an easement, entitles the party injured thereby to nominal damages, for which he may maintain an action without proof of special damages : *Tillotson* v. *Smith*, 32 N. H. 90 (64 Am. Dec. 355). An examination of the instructions refused will show that they are not predicated upon the assumption that the defendant sustained even nominal damages by the construction of the dam, or that the water flowed back upon his land so that if it were continued it would ripen into an easement. In the light of the rules to which attention has been called, if the defendant sustained no injury he could not maintain an action, and, if unable to maintain an action, he could not justify the demolition of the dams. Hence the instructions requested were immaterial, and no error was committed in refusing to give them.

The transcript shows that other exceptions were taken by the defendant at the trial, but, not being urged at the

argument or in his brief, they are deemed abandoned, and will not be considered here. It follows that the judgment is affirmed.                    AFFIRMED.

Decided 2 July, 1900.