## HICKEY v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. February 23, 1909.)

### No. 1,346.

1. ASSAULT AND BATTERY (§ 64*) — ASSAULT WITH DANGEROUS WEAPON — DEFENSES—EXERCISE OF AUTHORITY.

On the trial of a defendant, charged with assaulting a person with a revolver while attempting by force to eject such person and others from a mining claim of which they were in possession, evidence offered by defendant to show that he was the owner of the claim was not pertinent to the issue, and was rightly excluded, since such fact, if shown, was no justification for the assault.

[Ed. Note.—For other cases, see Assault and Battery, Dec. Dig. § 64.*]

2. ASSAULT AND BATTERY (§ 96*)—PROSECUTION FOR ASSAULT WITH DANGEROUS WEAPON—INSTRUCTIONS.

On the trial of a defendant, charged with the commission of an assault with a dangerous weapon, where he admitted striking the person assaulted with a revolver, the only question for the jury was whether defendant was guilty of the offense charged, or not guilty, and it was not error for the court to refuse to charge that he might be convicted of assault and battery, or simple assault.

[Ed. Note.—For other cases, see Assault and Battery, Dec. Dig. § 96.*]

In Error to the District Court of the United States for the Second Division of the District of Alaska.

R. B. Milroy and Geo. D. Schofield, for plaintiff in error.
John J. Reagan, Asst. U. S. Atty.

Before GILBERT and ROSS, Circuit Judges, and WOLVERTON, District Judge.

WOLVERTON, District Judge. Error is prosecuted by plaintiff from a judgment of conviction in the District Court for the District of Alaska, Division No. 2, upon a charge of being armed with a dangerous weapon, to wit, a revolver, and assaulting one E. E. Powell therewith.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The facts, briefly stated, are: That Powell, with his brother and others, was, on the day named in the indictment, engaged in doing what they assert was assessment work upon a mining claim, being then in the possession thereof. The defendant claims to be the owner, and he, with four other persons, came and ordered Powell and those with him off the claim. The order was accompanied, as the evidence tends to show, first with an assault upon Oleson, one of the men with Powell, and later with an assault upon Powell, culminating in Powell's being struck over the head with a revolver which defendant had in his possession at the time. The evidence for the prosecution tends strongly to show that the defendant first assaulted Powell, and that with the revolver, clubbing Powell with it, while holding it in his hand. Upon the other hand, the defendant claims that defendant first shoved or pushed Powell in an effort to get him off the claim, whereupon Powell hit the defendant with his hand or fist, and this was resented by defendant striking Powell with the revolver. The defendant himself admits the use of the revolver in that way. The altercation was continued until the parties were separated. During the altercation Powell was knocked down by the defendant with the revolver; the blow taking effect, as before stated, upon his head. In his cross-examination, defendant relates that he went to the place with his gun, intending to put Powell and his men off with force, if necessary.

It further appeared that defendant had previously applied to the district attorney for a warrant by which to eject other persons previously found upon the claim, but the warrant was refused, and that, by reason of the refusal, he concluded to eject these men by force; hence the altercation. During the course of the trial the defendant offered evidence tending to show that he was the owner of the mining claim, which was overruled by the court. On cross-examination of Powell and his brother, it was sought to inquire, also, whether Powell had not previously offered to buy the claim from the defendant, which, over objection of the government, defendant was not permitted to show. Under the rulings of the court in this regard, error is predicated, because the defendant was not permitted to show that he was the owner of the claim in dispute, and entitled to possession; the court holding that the title to the premises was not pertinent to the inquiry.

Under the attending conditions, as disclosed by the evidence, we are impressed that the trial court was right in its position. There was manifestly a dispute between the parties about the right of possession as it respects the claim, and the defendant had no right to attempt to settle that dispute by undertaking to eject Powell and his men by physical force, after they had refused to vacate the premises, when so ordered. Even if the defendant were the owner, with a perfect title, he had no legal right to oust trespassers in that way. The law provides peaceable methods for obtaining possession where wrongfully denied, and a resort to force and violence without pursuing the due course of law is seldom excused.

Counsel assert in their brief that the defendant had applied to the United States district attorney's office for assistance to have some persons previously upon the claim removed, but without avail, and

that, finding these men on there, "he [the defendant] went personally to remove them, because he could not have them removed by the arm of the law." There is no warrant of law for such a course of action. It would lead to riot and bloodshed, and make every man the judge of his own property rights and the executioner of his own judgments. A person has a right to defend his domicile or habitation against the intrusion of others, and to apply ample force to remove any such found therein. Long v. People, 102 Ill. 331. And he may prevent trespass upon his lands by force sufficient to repel the same; but, being himself dispossessed, he has no right to recover possession by force and by a breach of the peace. Sampson v. Henry, 11 Pick. (Mass.) 379, 387. The law applicable here is pertinently stated by Pollock, J., in State v. Bradbury, 67 Kan. 808, 809, 74 Pac. 231, 232. He says:

"While one rightfully in possession of property may defend his possession against an attack, and while one lawfully entitled to the possession of real property may, if he can, enter and take peaceable possession, yet, no matter what lawful right to possession one out of the actual possession of real property may have, he will not be justified in making a forcible entry and committing a breach of the peace in ejecting by force an actual occupant."

It is clear, from the record, that Powell and his men were in possession, and were working there. While the defendant, if in possession, might have kept them out by force, yet, finding them in possession, though trespassers, he could not use force to oust them, because the law provides a more peaceable way for doing it. These propositions seem so plain that no further authority is needed in their support.

The next assignment of error is predicated upon the refusal of the court to instruct the jury that they might find one of four verdicts, namely, assault with a dangerous weapon, assault and battery, simple assault, or not guilty. It is very apparent, however, from the testimony, that defendant was either guilty of the offense charged or he was not guilty at all. There is not the slightest doubt that he assaulted Powell with a revolver, using it as a club. Indeed, he admits this himself. That such an instrument, so used, is a dangerous weapon, no one will question. So that, the assault being established, there was but one defense, namely, that the defendant was justifiable in making it. If justifiable, he was not guilty; but, whether guilty or not guilty was a question for the jury. There was no room, therefore, for the jury to find the defendant guilty of a lesser offense than assault with a dangerous weapon, and the court rightly refused to submit the question to them. The principle is thoroughly settled by the Supreme Court of the United States. See Sparf and Hansen v. United States, 156 U. S. 51, 715, 15 Sup. Ct. 273, 39 L. Ed. 343, and Wallace v. United States, 162 U. S. 466, 16 Sup. Ct. 859, 40 L. Ed. 1039.

These are the only assignments of error seriously urged, and, being determined against the plaintiff in error, the judgment of the trial court will be affirmed.