THE CITY OF GARDEN CITY v. THE MERCHANTS' AND FARMERS' NATIONAL BANK OF DANSVILLE, NEW YORK.

### No. 299.

PRACTICE, DISTRICT COURT—*Extension of Time to Serve Case.* Where, by an order of the judge of a district court, the time for making and serving a case was extended to March 22, the time for serving such case expired March 21 at midnight, and a case served under an order made on March 22, granting a further extension of thirty days, would not be served in time.

Error from Finney district court; WM. EASTON HUTCHISON, judge.    Opinion filed May 16, 1899.    Dismissed.

*G. L. Miller*, city attorney, and *A. J. Hoskinson*, for plaintiff in error.

*Baker, Hook & Atwood*, and *Milton Brown*, for defendant in error.

The opinion of the court was delivered by

SCHOONOVER, J.:    Plaintiff in error, defendant below, brings this case on petition in error to this court for review.    Defendant in error, however, contends that the case-made was not served within the time fixed by the order of the court below, and that this court, therefore, cannot consider the alleged errors

50—8 KAN. APP.

complained of. The record shows that after judgment was rendered the defendant was granted sixty days in which to make and serve a case-made in said action for this court. Before the expiration of the sixty days allowed, the court extended the time for making and serving such case-made to the 22d day of March, 1897. On March 22, 1897, a further extension of thirty days was granted. Afterward other extensions were granted, but it will not be necessary to give them further notice.

The only question that requires our consideration is, Was the order made on March 22, extending the time for making and serving the case-made, in time? In order to decide this question, it is necessary to determine the meaning of the word " to " as used in the order. The language of the court is : " The time to make and serve a case-made . . . is hereby extended to the 22d day of March, 1897." If, under this order, the 22d day of March was included in the additional time allowed for serving a case-made, then the order made on the 22d, extending the time for thirty days, was made in time; but if the time expired at twelve o'clock midnight on March 21, the order granting further time was made too late, and a case served under that order or any subsequent order would not be served in time. A district judge has no power to extend the time for serving a case after the time fixed by the statute and by the order of the court has once elapsed. (*Ætna Life Ins. Co. v. Koons*, 26 Kan. 215.)

While it cannot be said that " to " has any settled legal meaning, it is generally defined to be a word of exclusion, unless by necessary implication it must be held to be used in an inclusive sense. (Andr. Law Dict.) We think that in the connection in which it is

used in the order it has the same meaning as " till " or " until."

In *The People v. Robertson*, 39 Barb. 9, it was held that a lease given *to* the 1st day of May would expire on April 30 at twelve o'clock midnight.   The court, in the case of *De Haven et al. v. De Haven et al.*, 46 Ind. 296, held that where time was given till the next term of court to file a bill of exceptions, but it was not filed until the sixth day of the next term, such bill was filed too late, and that "till next term of court" did not include the time during the next term or any part of it.   The supreme court of New York held that, where the charter of a bank was continued in force "until the 1st day of January, 1850," the word " until " was used in an exclusive sense, and that the charter of the bank expired December 31, 1849.

We do not think that the 22d day of March must, by necessary implication, be held to be included in the time fixed by the order of the court, and as the case-made was not served before March 22, but was served under an order made after the time fixed by the statute and the order of the court had expired, it must be held that it was not served in time, and the petition in error will, therefore, be dismissed.