## W. H. CROCO v. H. J. HILLE.
### No. 12,777.    (72 Pac. 208.)

#### SYLLABUS BY THE COURT.

PRACTICE, SUPREME COURT— *Service of Case-made.* On the 9th day of May plaintiff in error was allowed until June 20 to make and serve a case for this court. It was served on June 20. *Held,* that the time granted had expired.

Error from Norton district court; A. C. T. GEIGER, judge. Opinion filed April 11, 1903. Dismissed.

*H. R. Tillotson,* for plaintiff in error.

*W. E. Saum,* and *L. H. Wilder,* for defendant in error.

The opinion of the court was delivered by

SMITH, J. : On the 9th day of May, 1901, plaintiff in error was allowed by the court until June 20 to make and serve a case for this court. It was served on June 20, and defendant in error has moved to dismiss the proceedings in error for the reason that the

time allowed by the court had expired when service of the case was had.

The point raised involves the question whether the word "until," used in the order of the court, means "to" or "up to" June 20, so as to exclude that date, or whether service on the day named was in time. Webster, in defining the word, says that in contracts and like documents "until" is construed as exclusive of the date mentioned, unless it was the manifest intent of the parties to include it. The Century Dictionary also gives the exclusive signification to the word. The question was before the court of appeals in *Refining Co. v. Peterson*, 8 Kan. App. 316, 55 Pac. 673, and in *Garden City v. Bank*, 8 id. 785, 60 Pac. 823. It was decided both ways. In the first case the decision was rested on the language of the statute, which provides :

"The time within which an act is to be done shall be computed by excluding the first day and including the last." (Gen. Stat. 1901, § 5218.)

This provision, however, is not applicable to the language of the order of the court under consideration. If an act is to be done within a certain number of days, the statute is controlling. Here, the order was that the time ran "until" a day certain.

The question has received the attention of the courts of other states. The most pertinent case on the facts is *Corbin v. Ketcham, Administratrix*, 87 Ind. 138. The relevant part of the syllabus reads :

"Where time is given beyond the term for filing a bill of exceptions *until* a day named, the filing of the bill *on* such a day is not within the time limited."

Several Indiana cases are cited and quoted from in the opinion to support the holding of the court. In

33—66 KAN.

*Kendall v. Kingsley*, 120 Mass. 94, it was assumed that the preposition "until" generally excludes the day to which it relates. In that case, however, the construction was made to yield to the intention of the parties, apparent from the terms of a lease, and the language "all rents due and coming due to me until October 1" was held to include October 1.

The general rule has been recognized in *The People v. Walker*, 17 N. Y. 502; *Bronson Willey v. Frank Laraway*, 64 Vt. 566, 568, 25 Atl. 435; *Bemis v. Leonard*, 118 Mass. 502, 19 Am. Rep. 470; *Ryan v. State Bank*, 10 Neb. 524, 7 N.W. 276. In *Webster et al. v. French et al.*, 12 Ill. 302, a statute required the governor to receive written bids "until the 1st day of July." It was held that bids tendered after the 30th day of June were properly rejected.

We are of the opinion that the case-made was not served in time. The proceedings in error will be dismissed.

All the Justices concurring.