THE STATE OF KANSAS V. WILLIAM S. BRADBURY
Nos. 13,578, 13,579.  (74 Pac. 231.)

SYLLABUS BY THE COURT.

1. PRACTICE, SUPREME COURT—*Bill of Exceptions.* When it appears from an order made under the provisions of section 4753, General Statutes of 1901, extending the time to sign and settle a bill of exceptions, that the extension was made to a day certain, and the bill of exceptions was settled and allowed on such day, it is sufficient.

2. ASSAULT AND BATTERY—*Use of Force in Taking Possession of Real Estate.* One entitled to the immediate possession of real estate may, if he can, take peaceable possession; but in taking possession from one actually, though wrongfully, in possession, he cannot assault, beat and drive such occupant from the premises, and justify his offense against the law upon the ground that he was legally entitled to the possession of the premises and used no more force than was necessary to regain possession and drive the occupant off.

Appeal from Clay district court; SAM KIMBLE, judge. Opinion filed November 7, 1903. Affirmed.

*C. C. Coleman,* attorney-general, and *F. L. Williams,* for The State.

*Harkness & Davis,* and *John E. Hessin,* for appellant.

The opinion of the court was delivered by

POLLOCK, J: These two cases are separate appeals from several judgments convicting defendant of assaulting and beating one Samuel P. Burnett and Fidella Burnett, his wife. Upon the trials defendant admitted the assault and battery charged, but made the attempt to justify his conduct on the ground that it was done in forcibly ejecting the parties assaulted from a tract of land to the possession of which he was lawfully entitled and of which possession he had been wrongfully deprived by the parties assaulted; that in

driving the wrong-doers from his premises he had used no more force than was necessary to accomplish his purpose. The records are voluminous, the principal controversy at the trial being who was legally entitled to the possession of the land from which the assaulted parties were driven.

The state objects to the consideration of these appeals for the reason that the time of settling and signing bills of exceptions was extended under the provisions of section 4753, General Statutes of 1901, and the bills were not signed and allowed by the trial court within the time given. An examination of the record shows that the time was extended to a day certain, to wit, "to the fifth day of the regular June, 1902, term of court." On that day, at the place designated in the order, the bills of exception were duly allowed and signed. This was sufficient.

Coming now to the merits, the question arises, Was the defense sought to be interposed available to defendant in these prosecutions? Certainly not. The trial court and counsel seem to have proceeded at the trial upon the theory that if defendant was legally entitled to the possession of the land and the parties assaulted entered and possessed themselves of the premises, the defendant might forcibly eject them therefrom, care being used to exert no more force than was reasonably necessary to accomplish such purpose. While one rightfully in possession of property may defend his possession against an attack, and while one lawfully entitled to the possession of real property may, if he can, enter and take peaceable possession, yet, no matter what lawful right to possession one out of the actual possession of real property may have, he will not be justified in making a forcible entry and committing a breach of the peace in ejecting

by force an actual occupant.   Such unlawful method of testing legal rights is unknown to the law.    There are authorities in support of this self-evident proposition.   (*Commonwealth v. Haley*, 4 Allen, 318; *Parsons v. Brown*, 15 Barb. 590.)

In this case the commission of the offenses charged against defendant stand admitted.   All else is wholly immaterial, so far  as  the question of the guilt or innocence of defendant is concerned, and no error prejudicial to defendant can or did arise upon the trial of wholly immaterial matters.

It follows that the conviction must be upheld.

All the Justices concerning.