The State v. Dyck.

THE STATE OF KANSAS v. JOHN J. DYCK.

No. 13,623. (75 Pac. 488.)

SYLLABUS BY THE COURT.

CASE-MADE—*Extension of Time—Computation.* Ordinarily, when time is given beyond the term for the making of a case or the settling of a bill of exceptions *until* a date named, the doing of either *on* such day is not within the time limited. This rule is subject, however, to the exception that where it is the manifest intention of the parties to include the day named it will be included. Such is the manifest intention where a day certain is named. For example, "until Christmas," or "until the fifth day of the regular June term of court."

Appeal from Marion district court; O. L. MOORE, judge. Opinion filed February 6, 1904. Dismissed.

*C. C. Coleman*, attorney-general, and *R. L. King*, for The State.

*Keller & Dean*, for appellant.

The opinion of the court was delivered by

CUNNINGHAM, J.: We find we have no jurisdiction to pass upon the merits of this case. Appellant's motion for a new trial was overruled at the February

The State v. Dyck.

term, 1903, "and was given until May 4, 1903, within which to prepare and have settled a bill of exceptions." On May 4 an order was made by the judge, extending this time for ten days, and on May 13 the bill of exceptions was settled. The time originally given, being until May 4, expired with the expiration of May 3; consequently on May 4, when the additional time was given, the court had lost jurisdiction to make such extension. This is strictly within the case of *Croco v. Hille*, 66 Kan. 512, 72 Pac. 208, which case receives our approbation.

It is contended, however, on behalf of the appellant, that a different principle has been announced in *The State v. Bradbury*, 67 Kan. 808, 74 Pac. 231. An examination of these two cases will disclose no discrepancy between them. The Croco case announces the rule, that "where time is given beyond the term for filing a bill of exceptions *until* a day named, the filing of the bill *on* such a day is not within the time limited."

This rule, however, is subject to the exception that where it is the manifest intention of the parties to include the last day, such intention will be given effect. In the Bradbury case time was given until the 5th day of the regular June, 1902, term of the court; so in that case this specification was held to be a day certain upon which the bill of exceptions was to be settled and thus brought within the exception noted in the Croco case. It was as though the date named had been, for example, until Christmas or until the next market day, in either of which cases the intention would clearly be to include the day named.

The appeal will be dismissed.

All the Justices concurring.