JOHN P. MAYNES, as *Administrator*, *etc.*, v. LOFTUS GRAY.

No. 13,433. (76 Pac. 443.)

SYLLABUS BY THE COURT.

CASE-MADE — *Service — Computation of Time.* On the 25th day of February plaintiff in error was allowed *to* the 15th day of March to make and serve a case for this court. It was served on March 15. *Held,* that the time granted expired at twelve o'clock midnight, March 14.

Error from Doniphan district court; WILLIAM I. STUART, judge. Opinion filed April 9, 1904. Dismissed.

*C. W. Reeder,* and *Ryan & Ryan,* for plaintiff in error.

*Arthur C. Bell,* for defendant in error.

The opinion of the court was delivered by

ATKINSON, J.: Upon the application of plaintiff in error, February 25, 1902, the judge of the district court at chambers extended the time for making and

4—69 KAN.

serving a case "to the 15th day of March, 1902." The case was served on the 15th day of March, 1902. Defendant in error has moved to dismiss the proceedings in error from this court on the ground that the time allowed by the district judge for making and serving the case had expired when service of the same was made. The determination of this question calls for the meaning of the word "to" as used in the order of the judge extending the time for making and serving the case.

Bouvier's Law Dictionary defines the word "to" as "a term of exclusion, unless by necessary implication it is manifestly used in a different sense." Substantially the same definition is given in the American and English Encyclopedia of Law. In the following cases the word "to" has been used and applied as a term of exclusion : *State v. Libby*, 84 Me. 461, 24 Atl. 940 ; *Stearns et al. v. Sweet et al.* 78 Ill. 446 ; *Wells v. Iron Company*, 48 N. H. 491 ; *Schumacker v. Toberman*, 56 Cal. 508 ; *People, ex rel. Burnham, v. Jones et al.*, 112 N. Y. 597, 605, 20 N. E. 577.

The court of appeals, in the case of *Garden City v. Bank*, 8 Kan. App. 785, 60 Pac. 823, held that an order of the trial judge extending the time for making and serving a case "to March 22," expired March 21 at midnight. In the case of *The People v. Robertson*, 39 Barb. 9, the court, in passing upon the question of the termination of a lease of premises "from the 1st day of May, 1856, to *the 1st day of May*, 1862," held that the sublessee's rights under the lease expired at twelve o'clock midnight on the 30th of April, 1862.

Webster recognizes the words "to," "till" and "until" as synonymous, in the sense here used. The Century Dictionary gives a like recognition to their use. This court held, in the case of *Croco v.*

*Hille*, 66 Kan. 512, 72 Pac. 208, that the service of a case on June 20, under an order which allowed "until June 20" to make and serve a case for this court, was made after the time granted had expired. In the case of *The State v. Dyck*, recently decided by this court, 68 Kan. 558, 75 Pac. 488, it was said that where appellant was given "until May 4, 1903, within which to prepare and have settled a bill of exceptions" the time given expired May 3. The word "to," as used in the order of extension, is a term of exclusion, and excluded the 15th day of March. The time granted by the order of extension for serving a case expired at 12 o'clock midnight, March 14.

The case-made was not served in time, and the motion of defendant in error must be sustained. The proceedings in error will be dismissed.

All the Justices concurring.