The State v. Burton.

THE STATE OF KANSAS V. ROBERT HAWTHORN BURTON.

No. 13,921.   ( 78 Pac. 413.)

SYLLABUS BY THE COURT.

BILL OF EXCEPTIONS — *Extension of Time for Settling* — "*Until*" *Not a Word of Inclusion.* An order was made extending the time to settle a bill of exceptions until December 4. In support of a contention that the word "until" was intended to be used as one of inclusion, affidavits are offered to the effect that when the order was made court had been adjourned to December 3, but it was not certain that the judge would arrive at the county-seat before the close of business hours on that day, and that it was understood that court would be in session on the 4th. *Held,* that this showing affords no ground for interpreting the order as including the 4th as a part of the time within which the bill of exceptions might be settled.

Appeal from Marion district court; OSCAR L. MOORE, judge.   Opinion filed November 5, 1904.   Dismissed.

*C. C. Coleman,* attorney-general, and *Jay F. Close,* assistant attorney-general, for The State.

*W. H. Carpenter,* for appellant.

The opinion of the court was delivered by

MASON, J. : On October 6, 1901, Robert Hawthorn Burton was convicted of murder in the first degree. By reason of the rejection of certain evidence offered by the defendant at the trial the judgment was re-

versed, in *The State v. Burton*, 63 Kan. 602, where the circumstances of the homicide are stated. A new trial resulted in a conviction for murder in the second degree, which also was set aside on appeal on account of the misconduct of jurors. (*The State v. Burton*, 65 Kan. 704, 70 Pac. 640.) Upon a third trial, the defendant was again convicted of murder in the second degree, and once more appeals.

Various assignments of error have been argued, all of them based upon such rulings as can only be reviewed when embodied in a bill of exceptions. The state objects to the purported bill of exceptions found in the transcript upon the ground that it was not settled within proper time. It was settled and signed December 14, 1903, after the expiration of the term of court at which the trial was had. The time for settlement had been duly extended by a succession of orders until November 1, 1903. On October 30, 1903, an order was properly made extending the time "until the 4th day of December, 1903." No further extension was made until December 4, when a new order was made extending the time to December 20. It is obvious, therefore, that within the rule announced in *Croco v. Hille*, 66 Kan. 512, 72 Pac. 208, and followed in *The State v. Dyck*, 68 Kan. 558, 75 Pac. 488, jurisdiction to make a valid bill of exceptions was lost before the document relied upon by defendant as such was signed, and such document is a nullity.

An effort is made on behalf of the defendant to bring the case within the principle applied in *The State v. Bradbury*, 67 Kan. 808, 74 Pac. 231, and in *The State v. Horine*, decided at the present sitting, *post*, page 256, 78 Pac. 411, that the word "until" (or "to") will be treated as inclusive, if a purpose to use it in that sense is manifest. To that end affidavits have been

The State v. Burton.

presented, made by the clerk of the district court and by defendant's attorney. That of the clerk merely sets out that on October 23 the court was adjourned until December 3; that at the time of such adjournment it was understood that the court would be in session on December 4, and that court was held on that date. The affidavit of defendant's attorney states that the judge of the court resided in another county; that he made the order extending the time for the settlement of the bill of exceptions until December 4, while at his home; that at the time of such order court in the county where the case was tried stood adjourned to December 3; that it was the practice of the judge, when holding adjourned terms of court there, to come to the county-seat by a train arriving in the afternoon of the day to which adjournment had been taken; that he often arrived too late to transact any business on that day. It then continues:

"Affiant further says that said order granting further time to settle and file said bill of exceptions was intended to include the 4th day of December, 1903, for the reason that on that day court would be in session and the judge would then and there have time to settle and sign said bill of exceptions after his arrival in Marion on the 3d day of December, to which day said court was adjourned; that said bill of exceptions was not intended at the time said order was made to be signed and settled on the 3d day of December, 1903, for the reason that it was not the habit or custom of said judge to arrive in the city of Marion except upon said train as above mentioned, which was often late, and often did not arrive until after business hours had closed."

This showing wholly fails to bring the case within the exception noted. Granting it to be permissible to look elsewhere than to the contents of the order itself to determine whether the word "until" was used in

The State v. Burton.

any unusual sense, and that the evidence presented might be considered for that purpose, it falls far short of its object. The statements of what was intended by the order and when it was intended that the bill of exceptions should be settled are necessarily only the opinions of the affiant, for it is the intention of the judge, and not of the attorney, that is important. These statements of opinion are of no greater force than the reasons given in their support, and these reasons at the most merely afford a basis for a vague surmise as to what may have been in the mind of the judge. They cannot aid the interpretation of the language of the order. There is nothing in the order itself to suggest a purpose to use the phrase in question otherwise than with its ordinary significance. There is nothing in the circumstances shown that indicates such a purpose. It follows that, under the authority of the decisions cited, the bill of exceptions is a nullity.

It is further argued that the loss of jurisdiction was remedied by the failure of the county attorney to make seasonable objection, and by his asking for a further extension of time. The defect is not one, however, that can be waived.

The appeal is dismissed.

All the Justices concurring.