THE STATE OF KANSAS v. GEORGE HORINE.

No. 14,092.   (78 Pac. 411.)

SYLLABUS BY THE COURT.

1. PERJURY—*Allegation of Materiality of False Testimony.* In a prosecution for perjury the materiality of the false testimony to the cause in which it was given may be pleaded in either of two ways : (1) Facts may be averred from the relation of which materiality is made to appear; (2) or a direct allegation may be made that the testimony was material.

2. CRIMINAL PROCEDURE — *Arraignment after Jury have been Sworn.* If in a felony case the defendant and his attorneys appear when the case is called for trial and participate in the selection of a jury, and after the jury have been sworn it be discovered that the defendant has not been arraigned, and that no plea has been entered, the court may then cause the defendant to be arraigned, require him to plead, and, upon his refusal to do so, enter a plea of not guilty for him, reswear the jury already chosen, and proceed with the trial of the case.

3. PERJURY—*Proof of Official Character by Secondary Evidence.* In a prosecution for perjury committed before a justice of the peace the justice may, for the purpose of proving his official character, give oral testimony as to the contents of lost documents relating to his title to office, and as to his public discharge of the duties of the office under a claim of official right.

4. ——— *Proof of the Pendency of a Proceeding.* In a prosecution for perjury the complaint filed and warrant served in the action in which the false testimony was given are competent and relevant to prove the institution and pendency of the proceeding to which they related.

5. BILL OF EXCEPTIONS—*Word "Until" Construed.* If by an order in a criminal case a defendant be required to enter into a recognizance for his appearance in court *on* June 25, 1904, and he be given *until* that time in which to present a bill of exceptions, the strict legal and lexigraphic meaning of the word "until" is controlled by the context, and the bill may be presented on the day named.

Appeal from Barton district court; JERMAIN W. BRINCKERHOFF, judge. Opinion filed November 5, 1904. Affirmed.

The State v. Horine.

*C. C. Coleman*, attorney-general, and *Jay F. Close*, assistant attorney-general, for The State.

*Russell & Russell*, and *D. A. Banta*, for appellant.

Tne opinion of the court was delivered by

BURCH, J. : Appellant was convicted of the crime of perjury, committed before a justice of the peace of the city of Great Bend, and appeals to this court. Error is assigned because a motion to quash the information and an objection to the introduction of any testimony under it were overruled, the ground of each being that the information did not show the materiality of the false testimony to the proceeding in which it was given. The recital of facts in the information, when fairly construed, does show materiality, although not in terms as direct and certain as might have been used, by setting out the testimony and stating that it was given in support of a defense of an *alibi* in a prosecution of a character described. But, in addition to this, the statement of the false testimony concludes with the following allegation : "All of which were material matters in said cause." The authorities recognize two methods of pleading the materiality of testimony alleged to be false, in prosecutions for perjury. Facts may be averred from the relation of which materiality is made to appear, or a direct allegation may be made that the testimony in question was material. ( 2 Bish. New Crim. Proc. § 921 ; 2 Whar. Crim. Law, § 1304 ; 16 Encyc. Pl. & Pr. 343.) If the latter method be adopted, the allegation of materiality may be regarded as a statement of ultimate fact and not as a mere conclusion of law. The information in this case is sufficient under either rule, and the motion and objection were properly overruled.

17—70 KAN.

When the case was called for trial the defendant and his attorneys appeared and participated in the examination of the jury. After the jury had been sworn the defendant objected to any further proceedings in the case, for the reason that he had not been arraigned and had not pleaded to the information. The court then caused the information to be read to the defendant, requested him to plead, and, upon his refusal to do so, entered a plea of not guilty for him. The jury was then resworn and the trial proceeded with, over the objection and exception of the defendant. This action of the court is assigned as error.

In the case of *The State v. Wilson*, 42 Kan. 587, 597, 22 Pac. 622, the course adopted by the district court to cure the irregularity in failing to arraign the defendant and to require him to plead was expressly recommended.

In the case of *Weaver v. State*, 83 Ind. 289, the proper practice on such occasions was described, as follows :

" It is shown by the record that the court discovered, after the jury had been impaneled and sworn to try the case, but before any evidence had been given to the jury by either of the parties, that the appellant had not been arraigned on the indictment, and had not entered his plea thereto. What was the duty of the court upon making this discovery ? It was hardly incumbent on the court, after such discovery, to proceed with the trial of the cause without an issue ; for, if such trial had resulted in the conviction of the appellant, his non-arraignment on the indictment and his failure to plead thereto would have constituted sufficient cause, not for his discharge from the indictment, but for a new trial. . . . It seems to us, therefore, that it was the plain duty of the court, when it was discovered that the appellant had not been arraigned and had not entered his plea, to cause him to be arraigned and to require him to enter his plea to the indictment before proceeding with the trial of the

cause.   Any other course than the one pursued by the court in this case would necessarily result in useless expense and a waste of time."

In the case of *Disney v. Commonwealth*, 5 S. W. (Ky.) 360, it was said :

"But, by an oversight, the appellant was put upon his trial before he was required to plead ; the oversight was discovered and corrected, before the case had progressed far, by entering the appellant's plea and reswearing the jury.   This was done, it is true, against his protest.   But what right of his was prejudiced?   The jurors had just been selected and chosen by him in the manner pointed out by law ; his rights in that regard were in no manner abridged.   And the subsequent fact of putting him upon trial, and progressing with the trial for a short time without his plea having been entered, deprived him, in fact, of no right that he would have been entitled to in the progress of the trial had it been properly begun.   Therefore, it is clear, very clear, that his rights were not prejudiced by the action of the court."

See, also, *State v. Weber*, 22 Mo. 321 ; *The State v. Willard*, 39 Mo. App. 58 ; *Morris v. The State*, 30 Tex. App. 95, 16 S. W. 757.

Authorities may be found impugning the doctrine announced by these cases, but they do not commend themselves to our view.   Without arraignment or a waiver of arraignment, and without plea or a refusal to plead and an entry of a plea by the court, the defendant was not in jeopardy, and the proceeding amounted to nothing.   (*The State v. Rook*, 61 Kan. 382, 59 Pac. 653, 49 L. R. A. 186 ; *Wallace v. State*, 4 Lea, 309.)   Hence, all that the defendant could demand would be that the erroneous proceeding be set aside and another conducted against him in the regular way.   This was done, and then all the formalities

of the law were followed. Therefore, he has suffered no injury whatever to his rights.

On the trial it appeared that certain documents establishing the title of the justice of the peace before whom the false testimony had been given to his office were either lost or destroyed, and consequently secondary evidence of their contents was introduced. In this there was no error. The justice also gave oral testimony relating to the public discharge of the duties of the office of justice of the peace under a claim of official right. Under the circumstances of the case this evidence was also unobjectionable.

The complaint filed and warrant issued in the action in which the false testimony was given were introduced in evidence. They were proper in order to prove the institution and pendency of the proceeding to which they related. Other testimony admitted against the defendant is not of sufficient importance to require notice.

No exceptions were saved to the instructions given to the jury, and the assignment of error relating to that feature of the trial cannot be considered. (*Railroad Co. v. Werner*, decided at the present term, *ante*, page 190, 78 Pac. 410.) Other matters urged as grounds for a new trial were not called to the attention of the court in the motion for a new trial, and hence are not available to the defendant in this appeal.

The state insists that the bill of exceptions was allowed and signed beyond the time limited for that purpose, and, hence, that all assignments of error depending upon it are not reviewable. The journal entry reads as follows:

"Upon the application of the defendant, it was ordered by the judge of the court who tried this case that the above sentence be stayed until the 25th day

Railway Co. v. Gilbert.

of June, 1904, until which time the defendant was given to make and file a bill of exceptions, the said order staying sentence being upon the condition of the defendant giving bond in the sum of $1200, conditioned for his appearance at this court on said day, which bond was duly given, approved by the court, and the defendant was discharged until the said date."

The bill was settled and signed on June 25.   A clear instance is here presented in which the strict legal and lexigraphic meaning of the word "until" may be controlled by the context.   The condition of the defendant's bond was that he appear on June 25.   He was evidently discharged to appear according to his bond, and execution was evidently stayed while he was at liberty under his bond, even though the expressions used were "until" said day.   The same period, however, was plainly allowed in which to make his bill of exceptions.   (*The State v. Bradbury,* 67 Kan. 808, 74 Pac. 231 ; *The State v. Dyck,* 68 id. 558, 75 Pac. 488.)

No sufficient reason having been shown for a reversal of the judgment of the district court, it is affirmed.

All the Justices concurring.