## Mrs. Edith Byrne, Appellee, v. Mrs. J. A. McCarthy, Appellant.

### Gen. No. 26,520.

1. LANDLORD AND TENANT—*when notice of expiration sufficient.* Under a lease from the first day of May, 1919, until the first day of May, 1920, providing for its termination by a 60-day notice by either party, a notice specifying April 30, 1920, as the date of expiration was proper.

2. LANDLORD AND TENANT—*time of expiration of lease.* The word "until" is a word of exclusion and the words "until May 1, 1920" in a lease mean that the term expires at 12 o'clock at night on April 30.

3. LANDLORD AND TENANT—*when notice of termination sufficient.* A notice that a lease "expires April 30, 1920, and will not be renewed" was a sufficient indication of intention on the part of the landlord to terminate the lease.

Appeal from the Municipal Court of Chicago; the Hon. HOSEA W. WELLS, Judge, presiding. Heard in this court at the October term, 1920. Affirmed. Opinion filed May 16, 1921.

MICHAEL L. IGOE, for appellant.

GALLAGHER, KOHLSAAT & RINAKER, for appellee.

MR. JUSTICE McSURELY delivered the opinion of the court.

Plaintiff, bringing an action of forcible detainer, upon trial by the court had judgment for possession, from which defendant appeals.

The evidence was that in March, 1919, the owner of the premises in question, Walter S. Bogle, leased them to defendant for a term described in the written lease as from "the first day of May, A. D. 1919, until the first day of May, A. D. 1920." There was also provision giving either party the right to terminate the lease on said last mentioned day upon giving the other party sixty days' written notice, otherwise the lease

to continue from year to year until terminated by like notice. February 3, 1920, a written notice was sent by the lessor which advised defendant that the lease of the apartment "expires April 30, 1920, and will not be renewed." The following March the owner made a written lease of said premises to plaintiff in this case, for a term beginning May 1, 1920, expiring April 30, 1921.

The first point made by defendant's counsel is that the notice is deficient and insufficient in that it advised that the lease expired "April 30, 1920," whereas the term demised according to the written lease was "until the first day of May, 1920." It is argued that as the term did not expire until May 1, the notice that it expired April 30 was ineffective.

Under many decisions the word "until" is a word of exclusion; the words "until May 1, 1920," mean that the term would expire at twelve o'clock at night on April 30, so that the notice specifying April 30 as the date of expiration was proper. 24 Cyc. 960; *People v. Robertson*, 39 Barb. (N. Y.) 9; *Buchanan v. Whitman*, 151 N. Y. 253; *Vanatta v. Brewer*, 32 N. J. Eq. 268; *Croco v. Hille*, 66 Kan. 512, 72 Pac. 208; *Webster v. French*, 12 Ill. 302; Words & Phrases, vol. 8, p. 7217.

Furthermore, if the first day of May, 1920, was included in the term, the lessee would be liable for an instalment of rent on that day under the provision of the lease calling for payment "upon the first day of each and every succeeding month." This was not the contract of the parties, and May 1, 1920, should be excluded from the term of the lease.

The notice is also criticised as indicating no intention on the part of the lessor to terminate the lease, hence it continued as a tenancy from year to year. We are of the opinion the notice sufficiently indicated an intention to terminate. The words, "expires April 30, 1920, and will not be renewed," could convey no

other meaning except that the lessor wished to terminate the lease on that date.

Some point is attempted with reference to the authority of the agent to sign the notice of termination, but no objection on this ground was made to its introduction in evidence upon the trial, and it is too late to make the objection for the first time in this court. *Fowler v. Chicago Rys. Co.,* 207 Ill. App. 430.

We see no sufficient reason to reverse the judgment and it is affirmed.

*Affirmed.*

HOLDOM, P. J., and DEVER, J., concur.