No. 43,455

FARMERS MUTUAL AUTOMOBILE INSURANCE CO., *Appellee,* v. DEALERS AUTO TRANSPORT, *Appellant.*

(391 P. 2d 307)

Opinion filed April 11, 1964.

*George A. Lowe* and *Bernis G. Terry,* both of Olathe, argued the cause and were on the briefs for the appellant.

*James Yates,* of Kansas City, argued the cause and was on the briefs for the appellee.

The opinion of the court was delivered by

ROBB, J.: This is an appeal by defendant, Dealers Auto Transport, in a property damage action against Dealers and its truck driver, Donald Cecil Adamson, from the trial court's order overruling the defendants' joint demurrer to plaintiff's petition so far as Dealers is concerned. No cross appeal was taken by plaintiff from the trial court's order sustaining the demurrer as to Donald Cecil Adamson, the second defendant.

The summarized facts reflected in plaintiff's petition filed May 8, 1962, are that at approximately 7:30 p. m. on November 14, 1958, plaintiff's insured, Edgar Mills Glover, was driving his 1958 Oldsmobile in a careful and proper manner in a northerly direction on north and south U. S. highway 69 about six miles south of Louisburg in Miami county.

As Glover approached an intersecting east and west county road, he slowed the speed of his automobile and signaled with his directional light for a right turn into the county road. Just as he commenced his right turn, Donald Cecil Adamson drove a 1954 Ford and semitrailer truck into the rear of the Glover Oldsmobile with great force and violence damaging it in the sum of $1,704.50. It was alleged the truck was owned by Dealers, Adamson's employer, and he was acting within the scope of his agency and employment. Allegations of damage to the automobile were included in the petition but we are not presently concerned therewith.

Glover was insured by a fifty dollar deductible collision policy of plaintiff by reason of which he received $1,654.50 as a result of the above collision. Thus plaintiff was subrogated for the amount paid under its collision policy to Glover's rights against both defendants. The allegations of Adamson's negligent acts, which were the direct and proximate cause of the collision and resulting damage, are not here in controversy and thus will not be set out.

Paragraph 8 of the petition states allegations which plaintiff claims tolled the statute of limitations and which were the basis for the trial court's order overruling Dealers' demurrer. These allegations are adequately summarized in plaintiff's brief as follows:

"November 14, 1958: Date of accident.

"January 12, 1959: Defendant advised plaintiff it must delay action on plaintiff's claim until it had disposed of bodily injury claim of Mr. Glover and suggested that plaintiff contact it again in 120 days.

"June 3, 1959: Defendant suggested plaintiff delay its claim for an additional 90 days.

"September 22, 1959: Defendant suggested plaintiff again delay its claim for another 90 days as personal injury claim was still pending.

"December 31, 1959: Defendant suggested to plaintiff it delay its claim another 90 days as personal injury claim was still pending.

"March 29, 1960: Defendant advised plaintiff personal injury claim still pending.

"May 26, 1960: Defendant advised plaintiff personal injury claim still pending.

"December 28, 1960: Defendant advised plaintiff that bodily injury claim still pending, and suggested plaintiff delay its claim an additional 90 days.

"April 7, 1961: Defendant advised plaintiff bodily injury still pending, and suggested plaintiff delay its claim an additional 120 days.

"September 21, 1961: Defendant advised plaintiff it had disposed of bodily injury claim and asked plaintiff to furnish itemized bill of its damage and that it would then be in a position to give plaintiff's claim its consideration.

"September 26, 1961: Plaintiff furnished defendant with itemized repair bill.

"October 23, 1961: Defendant advised plaintiff that it would not consider plaintiff's claim because statute of limitations had run.

"May 8, 1962: Plaintiff's petition filed.

"It was a regular and customary practice to delay settlement of property damage claims until the disposal of any personal injury claims involved. Be cause of the foregoing representations by the defendant to the plaintiff, the plaintiff delayed the filing of its suit on its property damage. Because of said representations by the defendant, the plaintiff was led to believe that the defendant would not assert the statute of limitations on its property claim if the parties were unable to reach a settlement of said claim and the plaintiff found it necessary to file a suit on its property claim. The defendant's representations were made for the purpose of inducing the plaintiff to delay the filing of its suit on its property damage claim until after the disposal of the personal injury claim; and the plaintiff did delay the filing of its suit until the disposal of the personal injury claim. The plaintiff would not have delayed the filing of its suit on its claim if it had not been induced and led to believe by the defendant's representations that the defendant would not invoke the statute of limitations."

The applicable statute of limitations, G. S. 1949, 60-306, *Third*, provides as follows as to the time within which such an action can be brought:

"*Third.* Within two years: . . . an action for taking, detaining or injuring personal property, including actions for the specific recovery of personal property; an action for injury to the rights of another, not arising on contract, and not hereinafter enumerated. . . ."

We are concerned with only one question in this appeal and that is whether the allegations of paragraph 8, above summarized, state facts sufficient to constitute the tolling of the statute of limitations and the estoppel of defendant's defense that the statute of limitations had run. Plaintiff contends, and we are in accord therewith, that *Safeway Stores v. Wilson,* 190 Kan. 7, 372 P. 2d 551, controls our decision here. The Safeway Stores case involved an accident which occurred on July 30, 1957. On November 29, 1957, Safeway presented an itemized statement of property damage to Wilson but request was made by Wilson for delay of forty-five days of Safeway's property damage action until the claim of Safeway's driver for personal injuries was disposed of. On February 21, 1958, Safeway again inquired as to when the claim would be settled and was reminded of the normal practice of delaying settlement of "purely property damage claims" until pending personal injury claims had been disposed of. On May 6, 1958, a similar result came from another inquiry by Safeway. On August 20, 1958, April 3, 1959, June 22, 1959, and September 14, 1959, similar requests were made by Safeway and met with the same response except that on the request of September 14, 1959, the insurance company wrote Safeway on September 16, 1959, denying liability by reason of the expiration of the two year time limit provided in G. S. 1949, 60-306, *Third.* Thereupon Safeway filed its action on February 8, 1960.

The opinion in the Safeway case holding the statute of limitations had been tolled included a comprehensive discussion of many of the authorities in this state in support of that determination, all of which require the conclusion here that the allegations of the petition, when tested by a demurrer, which affords the petition a liberal construction and admits all well-pleaded allegations, were sufficient to toll the statute of limitations and estop defendant from setting up the defense thereof.

The order of the trial court overruling defendant's demurrer to plaintiff's petition is affirmed.

PRICE and FATZER, JJ., dissent.

JACKSON and FONTRON, JJ., not participating.