No. 47,136

Washington Avenue Investments, Inc., *Appellee*, v. The City of Kansas City, Kansas, and Board of Public Utilities of Kansas City, Kansas, *Appellants*.

(515 P. 2d 744)

Opinion filed November 3, 1973.

*Philip C. Lorton*, of Kansas City, was on the brief for the appellants.

*Donald W. Vasos*, of Scott, Daily & Vasos, of Kansas City, was on the brief for the appellee.

*Per Curiam:* This is an action to recover damages caused by a utility pole which the defendants had erected over a lateral sewer line connecting plaintiff's property to the main sewer. It is alleged that the pole settled into the lateral sewer, causing it to crack and cave in, thereby blocking the flow of sewage and causing it to back up into plaintiff's rental property.

The case was tried to a jury which returned a verdict in favor of plaintiff. The defendants have appealed, raising two points: (1) there was no evidence of negligence on their part and (2) the action was barred by the statute of limitations. (K. S. A. 1972 Supp. 60-513.)

After examining the record, we are of the opinion there was substantial competent evidence showing negligence on defendants' part in locating, placing and maintaining the pole. A detailed recital of the evidence would add nothing of value to the body of our law and will not be attempted. Where there is substantial competent evidence to support the verdict it must be upheld. (*Brohan v. Nafziger*, 206 Kan. 58, 476 P. 2d 649.)

The petition does not disclose on its face that plaintiff's cause of action is barred by the statute of limitations, nor is the statute pleaded by the defendants as a bar. Under these circumstances, the bar of the statute is not available to the defendants as a defense.

In *Mayfield v. Hesston Mfg. Co.*, 187 Kan. 91, 97, 353 P. 2d 789, we stated:

". . . It is well settled that if a petition shows on its face the action is barred by the statute of limitations it is demurrable on the ground that it fails to state a cause of action . . . but the rule is equally well established

that unless a petition shows that fact affirmatively no demurrer lies, and the bar of the statute must be pleaded to be available as a defense *(Kerr v. Robertson,* 176 Kan. 637, 272 P. 2d 1062). . . ."

The trial court correctly rendered judgment for the plaintiff and its judgment is affirmed.