(571 P.2d 42)
No. 48,402

Linda Barnes, *Appellant,* v. Clarence Gideon, *Appellee.*

Opinion filed August 5, 1977.

*Dennis Taylor,* and *James P. Nordstrom,* of Fisher, Patterson, Sayler & Smith, of Topeka, for appellant.

*Charles Rooney, Sr.,* of Rooney, Rooney & Christey, and *James M. Macnish,* of Rost, Rost & Macnish, of Topeka, for appellee.

Before Swinehart, P.J., Rees and Parks, JJ.

Rees, J.: This is an action brought for an accounting and recovery of damages in which it is alleged defendant breached fiduciary duties owed plaintiff while he acted as her guardian.

Defendant was appointed guardian of the estate of plaintiff by order of the Shawnee County Probate Court in 1961. He served in that fiduciary capacity until discharged in 1967. At all times defendant acted as guardian, plaintiff was a minor. Plaintiff's eighteenth birthday was January 16, 1974.

Suit was filed on March 1, 1976. Incorporated into the amended petition was a series of documents entitled "Waiver of Statute of Limitations" signed by defendant. The first of these waivers was dated January 14, 1975, and the last was dated January 30, 1976. It is the last waiver that is in issue.

By reason of the applicable section of our statute of limitations (K.S.A. 60-515), plaintiff was allowed to file her claim within one

year after her attainment of majority, or by January 16, 1975.

By each of the waivers, defendant, for the recited consideration of forbearance by plaintiff to file suit, agreed to waive limitations until a specified date. The last waiver reads as follows:

> "*Clarence J. Gideon,* party of the first part, for and in consideration of the forbearance on the part of Linda Barnes, party of the second part, and/or her personal representative from filing a lawsuit at any time prior to January 16, 1975, and in further consideration of the forbearance on the part of Linda Barnes and/or her personal representative from filing a lawsuit at any time prior to and including February 15, 1976, *does hereby waive the Statute of Limitations which would otherwise be applicable to any and all causes of action against me* by Linda Barnes arising out of my actions as Conservator and/or Guardian of the Estate of Linda Barnes which was administered in the Probate Court of Shawnee County as Case No. 26,592, *and this waiver shall remain effective until March 1, 1976, and no longer."* (Emphasis supplied.)

Where limitations is applicable, it is an affirmative defense and it must be pleaded by the defendant. If the fact that limitations has run does not show on the face of the petition and if defendant does not plead limitations as an affirmative defense, then the bar is not available to defendant as a defense. K.S.A. 60-208(*c*); *Washington Avenue Investments, Inc. v. City of Kansas City,* 213 Kan. 269, 515 P.2d 744. Statutes of limitation are statutes of repose, precluding presentation of stale claims and encouraging diligence on the part of those whose rights have been infringed. *Welch v. City of Kansas City,* 204 Kan. 765, 465 P.2d 951. The practical effect of the theory of repose is that the debtor has the option to assert the statute and defeat recovery. 51 Am.Jur.2d, Limitation of Actions § 16, pp. 601-602.

We are told by the parties that the waiver agreements were made so as to allow time for negotiations for possible resolution of their differences. Whatever may have been the reason, the first question is, what did defendant agree to in this private contract? He could not "extend" the period of limitations, for that is a statutory matter. By the waiver, he agreed that he would not assert limitations as a defense, or, in other words, he agreed to forego an available defense. The waiver did not toll limitations. Tolling is a matter of computation of the period of limitations and it arises by reason of certain factual situations described by statute (such as K.S.A. 60-517 and K.S.A. 60-520), or by reason of conduct that has the effect of estopping defendant's reliance on limitations. (See for example, *Farmers Mutual Automobile Ins. Co. v. Dealers*

*Auto Transport,* 192 Kan. 678, 391 P.2d 307.)

Thus, by the last agreement, defendant agreed to forego the assertion of his available defense "until March 1, 1976, and no longer."

Promptly after filing of the petition, defendant filed a motion for summary judgment. His contention was that the suit was filed too late and plaintiff was barred by limitations. The matter was considered by the trial court solely as a matter of interpretation of the last waiver. No objection to this procedure is shown of record. No evidence was proffered by plaintiff. No opposing affidavits were filed as allowed by K.S.A. 60-256(*c*). The trial court sustained defendant's motion and granted summary judgment.

The sole issue decided by the trial court and presented on appeal is whether the waiver agreement by the use of the phrase "until March 1, 1976, and no longer" protects plaintiff against the defense of limitations.

One additional fact is relevant. March 1, 1976, fell on a Monday. Therefore, as a practical matter, plaintiff would have had to file her petition on Friday, February 27, if March 1 was excluded from the time during which defendant agreed to forego the defense of limitations.

The trial court held that under the terms of the agreement plaintiff had to file her petition *prior* to March 1. By reliance upon dictionary definitions of the word "until," he held that plaintiff's right to file free of the limitations defense did not exist on March 1. We agree.

One contention of plaintiff is that K.S.A. 60-206 is applicable. The pertinent part of that statute is as follows:

"(*a*) In computing any period of time prescribed or allowed by this chapter, by the local rules of any district court, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed is to be included, unless it is a Saturday, Sunday or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, a Sunday or a legal holiday. . . . When an act is to be performed within any prescribed time under any law of this state, or any rule or regulation lawfully promulgated thereunder, and the method for computing such time is not otherwise specifically provided, the method prescribed herein shall apply."

This contention is without merit. There is no computation of time in the case before us. That is to say, there is no period of time, such as 60 days or two months, that commences as of a

particular date ("the day of the act, event or default from which the designated period of time begins to run") with regard to which the expiration of the period is to be computed. Here the expiration date is expressly stated. Further, there is involved here a matter of private contract and not a period of time prescribed by statute, rule, regulation or court order.

The other contention of plaintiff is that the word "until" and the phrase "until March 1, 1976, and no longer," means March 1 was to be included. To buttress her argument, plaintiff argues that to hold otherwise effectively deprived her of the capability of filing suit on February 28 and 29 since those dates fell on Saturday and Sunday, non-business days of the clerk of the district court.

The case law of Kansas is contrary to plaintiff's second contention. Although Kansas cases defining "until" and applying that word to various circumstances are not of recent vintage, they are consistent. The relevant cases are *Croco v. Hille,* 66 Kan. 512, 72 Pac. 208; *State v. Bradbury,* 67 Kan. 808, 74 Pac. 231; *State v. Dyck,* 68 Kan. 558, 75 Pac. 488; *Maynes v. Gray,* 69 Kan. 49, 76 Pac. 443; *The State v. Burton,* 70 Kan. 199, 78 Pac. 413; *The State v. Horine,* 70 Kan. 256, 78 Pac. 411; *Buck's Stove and Range Company v. Davidson,* 70 Kan. 885, 79 Pac. 119; *Lightner v. Insurance Co.,* 97 Kan. 97, 154 Pac. 227; and *Dobson v. Wilson & Co., Inc.,* 152 Kan. 820, 107 P.2d 676.

In *Croco,* the court noted earlier conflicting decisions of different panels of the Kansas Court of Appeals in *Refining Co. v. Peterson,* 8 Kan.App. 316, 55 Pac. 673, and *Garden City v. Bank,* 8 Kan.App. 785, 60 Pac. 823. *Croco* involved an allowance of time granted by the court that was expressed as "until June 20." It was held that action by the plaintiff on June 20 was untimely. The court said:

"The point raised involves the question whether the word 'until,' used in the order of the court, means 'to' or 'up to' June 20, so as to exclude that date, or whether service on the day named was in time. Webster, in defining the word, says that in contracts and like documents 'until' is construed as exclusive of the date mentioned, *unless it was the manifest intent of the parties to include it.* The Century Dictionary also gives the exclusive signification to the word. The question was before the court of appeals in *Refining Co. v. Peterson,* 8 Kan.App. 316, 55 Pac. 673, and in *Garden City v. Bank,* 8 id. 785, 60 Pac. 823. It was decided both ways. In the first case the decision was rested on the language of the statute, which provides:

" 'The time within which an act is to be done shall be computed by excluding the first day and including the last.' (Gen. Stat. 1901, § 5218.)

"This provision, however, is not applicable to the language of the order of the court under consideration. If an act is to be done within a certain number of days, the statute is controlling. Here, the order was that the time ran 'until' a day certain." (66 Kan. at 513.) (Emphasis supplied.)

In *Bradbury,* defendant was given "to the fifth day of the regular June, 1902, term of court" in a court order to file a bill of exceptions, and action by the defendant on that day was approved.

*Dyck* involved a court order using the words "until May 4." Action on May 4 was held untimely. *Croco* was followed and approved. *Croco* and *Bradbury* were held to be consistent. *Bradbury* was said to involve the rule exception that "where it is the manifest intention of the parties to include the last day, such intention will be given effect."

*Maynes* cites and follows *Garden City, Croco* and *Dyck,* and the stated date was excluded.

*Horine* cites and follows *Brandbury* and *Dyck* and found manifest intent that the stated date be included. It found "until" to be controlled by the context of the court order.

*Burton* follows *Croco* and *Dyck* and states that *Bradbury* and *Horine* involve the manifest intent exception.

*Buck's Stove* follows *Croco, Dyck* and *Maynes.* The last day fell on a Sunday and the court held that the then existing version of K.S.A. 60-206 was not applicable where a specific date was stated.

*Lightner* was an insurance contract case which involved a grace period that ran on a Sunday. There was not a stated date. The court approved action on Monday.

*Dobson* involved a statutory period, not a stated date. The period ran on Sunday and action on Monday was approved.

Although it appears there may be contrary decisions in other states, the Kansas case law applicable to the particular case before us is in accord with the trial court decision. There is no *manifest intent* disclosed by the waiver agreement that action *on* March 1 was to be free of defendant's assertion of the defense of limitations.

In *Buck's Stove,* it is said:

"The time was extended to August 10, 1903. This required the service to be made before the expiration of the 9th of August. (Citations omitted.)

"However, August 9, 1903, fell on Sunday, and it is urged that the time for

service was thereby extended by virtue of section 722 of the code of civil procedure (Gen. Stat. 1901, § 5218), which reads as follows:

" 'The time within which an act is to be done shall be computed by excluding the first day and including the last; if the last day be Sunday, it shall be excluded.'

"It was held in *Croco v. Hille, supra,* that this section did not apply to a case like this, and that the time of service was not thereby extended. We see no reason for changing the rule there laid down." (70 Kan. at 885-886.)

In this case, we find ourselves bound by the *Croco* rule.

Included in plaintiff's amended petition is an alternative claim based on fraud. It is alleged that, if it is held that plaintiff's primary claim is barred by limitations, defendant fraudulently promised to not interpose the defense of limitations if plaintiff filed her lawsuit on or before March 1, 1976. The summary judgment of the trial court included within its scope this alternative claim. The propriety of summary judgment on the fraud claim was not raised on appeal and the contention that it was improper must be deemed abandoned.

Affirmed.

SWINEHART, J., dissenting. I am unable to agree with the majority opinion, and must therefore respectfully dissent.

The majority rejects plaintiff's contention that K.S.A. 60-206($a$) controls this case. This, I feel, is improper. Both equitable principles and the express language of 60-206($a$) require that the provisions of that statute apply here.

K.S.A. 60-206($a$) pertinently provides:

"($a$) *Computation; legal holiday defined.* In computing any period of time prescribed or allowed by this chapter, by the local rules of any district court, by order of court, or *by any applicable statute,* the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed is to be included, *unless it is a Saturday, Sunday or a legal holiday,* in which event the period runs until the end of the next day which is not a Saturday, a Sunday or a legal holiday. . . ." (Emphasis supplied.)

As the majority opinion indicates, the bringing of this action was originally controlled by the one-year statute of limitations enunciated in K.S.A. 60-515($a$). The series of agreements executed by these parties extended the application of that statute of limitations. The majority chooses to differentiate between an "extension" of the statute and a waiver to assert that statute as a defense. This is a distinction without a difference. Semantical play aside, the true effect of the parties' agreements was to extend the period

of time called for in 60-515($a$). The agreements expanded, if you will, that original one-year limitation period. Unfortunately for plaintiff, the expanded period fell one day short of being timely, or so the majority finds.

My point is this: K.S.A. 60-515($a$) was part and parcel of this case. The trial court granted summary judgment solely on the basis that plaintiff's claim was barred by the statute of limitations. Were it not for the statute, the trial court would have had absolutely no basis for dismissing the suit. Contrary to what the majority finds, this suit was not dismissed because the parties' contract was a waiver of the affirmative defense of the statute of limitations (K.S.A. 60-208[$c$]). The statute of limitations controlled the outcome of this case, *not* the parties' contract. 60-515($a$) was, therefore, an "applicable statute"; accordingly, the provisions of 60-206($a$) were activated.

The majority opinion also indicates that there was no period of time to be computed. I, likewise, cannot agree with this. The period of time requiring computation is obvious. It is that time period commencing January 16, 1974 (plaintiff's 18th birthday) and ending on a date after which plaintiff was barred from bringing suit. That time period, as lengthened by the parties, was a "period of time prescribed or allowed by this chapter . . . or by any applicable statute," and required computation. I am unable to reach any other conclusion but that the terms of 60-206($a$) governed that computation.

A result similar to that which I have proposed was reached in the recent case of *Bledsoe v. Department of Hous. & Urban Development,* 398 F.Supp. 315 (E.D.Pa. 1975). There, the federal district court was faced with the government's contention that plaintiff's Federal Tort Claims Act suit was barred by the applicable statute of limitations. The court rested upon Federal Rule of Civil Procedure 6(a) (the federal counterpart to 60-206[$a$]) in finding that the statute had not run. The court said:

"Rule 6(a) does not, by its terms, apply to the computation of statutory limitation periods, generally, nor to the six month limitation period of [the Federal Tort Claims Act], specifically. Nevertheless, the method of computation, set out therein, may, of course, be borrowed and utilized by a court for computation purposes, at least with respect to federal statutory limitation periods, where there is no contrary legislative intent. . . ." (p. 320.)

Likewise, this court should "borrow" that method of computation announced in 60-206($a$) with respect to limitation periods.

Further, the United States Supreme Court, in *Union Nat. Bank of Wichita, Kansas v. Lamb,* 337 U.S. 38, 93 L.Ed. 1190, 69 S.Ct. 911, found that "the considerations of liberality and leniency which find expression in Rule 6(a)" should apply when computing time for perfecting an appeal to the high court. The court used the "any applicable statute" language of Rule 6(a) in reaching their conclusion.

Finally, numerous cases have applied general time computation statutes to suits involving the computation of time under statutes of limitation. These cases are listed at 20 A.L.R.2d 1249, 1256, § 5, and supplemented by A.L.R.2d Later Case Service, p. 284. Included in the list is *Hood v. Bixby,* 13 Kan. 164.

Inasmuch as I have concluded that K.S.A. 60-206(*a*) is applicable herein, this action was timely filed, regardless of how the phrase "until March 1" is interpreted. This is so because, even assuming such phrase was exclusive and therefore the last day for filing was the last day of February, 1976, *that day fell on a Sunday.* Consequently, pursuant to K.S.A. 60-206(*a*), plaintiff had until the end of the "next day" (March 1, 1976) before the deadline expired. The issue of whether the term "until" is exclusive or inclusive, in my view, is totally moot.

This result is in complete accord with public policy considerations as set forth in *Dobson v. Wilson & Co., Inc.,* 152 Kan. 820, 107 P.2d 676.

"Except as otherwise provided by statute, it is the public policy of this state that Sunday is not a day for the transaction of business, and where the last day of a period within which an act may be done falls on Sunday, the act may be rightfully done on the following secular or business day." (Syl. 3.)

Accord: *State v. Hill,* 189 Kan. 403, 369 P.2d 365.

One final point. Plaintiff filed a first amended petition below in which plaintiff alleged an additional cause of action for fraud. The alleged fraud took place at the time the waivers were executed. The first waiver of the statute of limitations was executed January 14, 1975. The first amended petition was filed March 18, 1976, some fourteen months after the execution of the first waiver. Kansas has a two-year statute of limitations for actions based on fraud. (K.S.A. 60-513[*a*] [3].) Thus, plaintiff's fraud count was not barred by any statute of limitations, and the trial court erred in dismissing that count.

I would reverse and remand for trial on the merits.